## Commonwealth ex rel., Appellant, *v.* Shrontz.

*Election law—Payment of tax—Assessment—Qualified elector.*

Where real estate is assessed in a firm name, and it appears that the property is actually owned by the two members of the firm as tenants in common, and that the tax has been paid, the members of the firm have paid a tax sufficient to become qualified electors within the meaning of the election laws.

The constitution makes no requirement that the tax shall be assessed against the elector by name, or personally, or as owner of property in severalty. If it is against ascertained property, and he, being in fact the owner, pays it, the requirement is fulfilled. A blunder of the assessor in the form of the assessment cannot deprive the elector of his constitutional right.

On a judicial inquiry into an elector's right to vote the court may go behind the tax records and ascertain the real facts.

Argued Oct. 21, 1905.   Appeal, No. 150, Oct. T., 1905, by

plaintiff, from judgment of C. P. Washington Co., May T., 1905, No. 117, for defendant on quo warranto in case of Commonwealth ex rel., Owen C. Underwood, District Attorney, v. John F. Shrontz, Jr. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition for quo warranto.

It was claimed in the petition that John F. Shrontz, Jr., was not a qualified elector eligible to a borough office.

McILVAINE, P. J., stated the facts to be as follows:

John F. Shrontz, Jr., is a native born citizen of the United States, twenty-six years old and has resided with his father continuously in the fifth ward of the borough of Washington, Pennsylvania, for more than three years last past. At the borough election held February 21, 1905, he was elected to the office of councilman of the fifth ward. On the day of the election his right to vote was challenged on the ground that he had not paid a state or county tax within two years next preceding the day of the election. The election board, after a hearing on the question, accepted his ballot.

The receipt which the respondent produced before the election board as written evidence of his having paid the required tax was in words and figures as follows:

| " No. 1409 | | Washington, Pa. Aug. 1, 1904. |
|---|---|---|
| B'd Debt | $1.30 | Treasurer's Office, Washington County. |
| County Tax | 7.50 | RECEIVED from Shrontz Bros. State |
| | —— | and County tax for 5 ward Wash. township for 1904 as per margin. |
| Total | 9.10 | ship for 1904 as per margin. |
| Abatement | .45 | W. H. ULERY |
| | —— | County Treasurer |
| Amt rec'd | 8.65 | Per M." |

What oral evidence was produced before the election board we have no way of knowing, but it was conceded that respondent was one of the owners of the property and a member of the firm of Shrontz Brothers against whom the tax was assessed.

On August 1, 1904, the respondent's father, being duly au-

thorized thereto by the respondent and his brother, Clark Shrontz, paid the state and county taxes assessed against the said lot for and on behalf of the respondent and his brother.

The court entered judgment for defendant on the commonwealth's demurrer to defendant's answer.

*Error assigned* was the judgment of the court.

*T. F. Birch,* with him *Owen C. Underwood,* district attorney, *Parker, McIlvaine & Clark* and *Donnans & Brownson,* for appellant.—The phraseology of the constitution was interpreted as early as Catlin v. Smith, 2 S. & R. 267, to mean that such state or county tax shall have been assessed upon him individually: Gillin v. Armstrong, 12 Phila. 626 ; White's Election, 4 Pa. Dist. Rep. 363 ; Northrup's Election, 5 Law Times (N. S.), 1.

*James P. Eagleson,* with him *Boyd & E. E. Crumrine,* for appellee.—Section 18, Act of April 3, 1851, P. L. 320 (Purd. 245), provides that " electors only shall be eligible to borough offices ; " and no statute nor decision can add to or take from the qualifications of an elector prescribed by the constitution : Page v. Allen, 58 Pa. 338 ; McCafferty v. Guyer, 59 Pa. 109.

Such cases as the present do not seem to have got beyond the lower courts, and therefore the cases we cite are not controlling, but merely advisory : Elkin v. County Commissioners, 25 Pa. C. C. Rep. 531 ; Hughes's Election, 3 Lack. Jur. 313 ; White's Election, 4 Pa. Dist. Rep. 363 ; Griffith's Election, 1 Kulp, 157 ; Brislin's Election, 6 Kulp, 562; State v. Livingston, Houst. Cr. Cas. (Del.) 109 ; Humphrey v. Kingman, 46 Mass. 162.

OPINION BY MR. CHIEF JUSTICE MITCHELL, January 2, 1906 :

On the admitted facts the appellee was a qualified elector, entitled to vote at the election, and therefore eligible to office. He was a natural born citizen, upwards of twenty-one years of age, and having regard to the substance of the qualification by payment of a tax, he had complied with that requirement.    The appellant argues that there was a defect in the form of the assessment which destroyed its efficacy.    The tax was assessed

against certain property in the name of Shrontz Brothers, but it was admitted that Shrontz Brothers were the appellee and his brother who were owners as tenants in common of the land assessed. It also appeared that this fact was known to the assessor and was intended to be truly set forth in the assessment. Even without this, however, the conclusion would have been the same. No error of the assessor, accidental or otherwise, could deprive an elector of his right if in fact he was qualified. The distinction is well taken by the learned judge that the appellee's vote might have been properly refused at the election because he was not armed with the proper evidence of his right, but in a judicial inquiry into the existence of the right, the court is not debarred from ascertaining the actual facts no matter what the prima facie case presented by the tax receipt.

The constitution regards substance, not mere form. It makes no requirement that the tax shall be assessed against the elector by name, or personally, or as owner of property in severalty. If it is against ascertained property and he, being in fact the owner, pays it, the requirement is fulfilled. As the learned judge below said, if the assessment had been in the names of John F. Shrontz, Jr., and Clark Shrontz individually as tenants in common, there could have been no question about the tax payment, and if the expression Shrontz Brothers in fact meant the same thing the result would be the same. A blunder of the assessor in the form of the assessment could not deprive the elector of his constitutional right.

Catlin v. Smith, 2 S. & R. 267, is cited as deciding that the tax must be assessed against the elector individually. That expression is used in the case but in an entirely different sense from that now sought to be given to it. That was an action against the inspector of an election for refusing the plaintiff's vote. Under the constitution of 1790 the requirement was that the elector should have paid a tax " which shall have been assessed at least six months before the election." On demurrer to the declaration it appeared that the tax had been laid on the county six months before, but that the plaintiff had not been assessed until the day before the election when he had himself put on the list by the assessor and paid the tax. The court held the payment insufficient. The plaintiff, said TILGH-MAN, C. J., " insists that the constitution intends a tax laid and

assessed on property and persons in general at least six months before the election. But this will not accord either with the sense in which the words had been generally used or with the reason for introducing them into the constitution. The voter is to have paid the tax assessed, not upon others but himself. A tax assessed upon others is no tax as to him." That is the sense in which the words, " assessed upon him individually " were used. There is nothing in that case that touches the question raised now.

Judgment affirmed.